# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Respondent,*

vs.

MANUEL JESUS RODRIGUEZ,

    *Petitioner.*

Case No. 10-CR-10070-EFM

## MEMORANDUM AND ORDER

Before the Court is Petitioner Manuel Jesus Rodriguez's Motion to Vacate Sentence (Doc. 80) under 28 U.S.C. § 2255. He seeks relief on the basis that he received ineffective assistance of counsel at his supervised release revocation hearing. For the reasons discussed below, the Court denies Rodriguez's motion.

### I.  Factual and Procedural Background

In 2010, Petitioner pleaded guilty to carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c). Under the plea agreement accepted by this Court, Petitioner was sentenced to five years' imprisonment, followed by a three-year term of supervised release. In May 2014, Petitioner was released to supervision. In October 2015, the Court revoked Petitioner's term of supervised release and imposed twenty-one months' imprisonment, followed by a two-year term of supervised release. Upon completion of a state

sentence, Petitioner was delivered to the Federal Bureau of Prisons and began serving his federal sentence on June 29, 2017. Petitioner was again released to supervision in October 2018, and by April 2019, the probation office filed a petition to revoke Petitioner's supervised release based on various drug-related violations.

At Petitioner's revocation hearing, Petitioner's counsel advised Petitioner not to stipulate to his conduct in order to preserve a constitutional objection based on the Supreme Court's then-recent decision in *United States v. Haymond*.[1] Specifically, counsel for Petitioner argued that in light of *Haymond*, the Constitution requires a jury trial and proof beyond a reasonable doubt in supervised release revocation hearings. The Court overruled the objection, and the government called Petitioner's probation officer to testify to Petitioner's violations. After hearing the evidence, the Court found that Petitioner had violated the conditions of his supervised release and that the advisory guidelines range recommended twenty-one to twenty-four months' imprisonment. The government recommended a twenty-one-month term and counsel for Petitioner requested inpatient drug treatment. The Court imposed a sentence of twenty-four months' imprisonment followed by one year of supervised release.

## II.   Legal Standard

Petitioner now seeks to vacate his sentence under 28 U.S.C. § 2255 alleging ineffective assistance of counsel. Section 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may

---

[1] 139 S. Ct. 2369 (2019).

move the court which imposed the sentence to vacate, set aside or correct the sentence.

Petitioners seeking relief under § 2255 must allege facts that, if proven, would warrant relief from their conviction or sentence.[2] Upon receipt of a § 2255 motion, the court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[3] An evidentiary hearing is therefore not necessary where a § 2255 motion contains factual allegations that are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[4]

Finally, Petitioner appears pro se. Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[5] A pro se litigant is entitled to a liberal construction of his pleadings.[6] It is not the proper role of a district court, however, to "assume the role of advocate for the pro se litigant."[7]

### III.   Analysis

Petitioner contends that he received ineffective assistance of counsel. To succeed on a claim of ineffective assistance of counsel, a petitioner must prove both prongs of the two-prong test set forth in *Strickland v. Washington*: (1) that his counsel's representation was constitutionally

---

[2] *See Hatch v. Okla.*, 58 F.3d 1447, 1469 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

[3] 28 U.S.C. § 2255(b).

[4] *See Hatch*, 58 F.3d at 1471 (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[5] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[6] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[7] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

deficient because it fell below an objective standard of reasonableness, and (2) that the deficiency prejudiced the petitioner because it deprived him of the right to a fair trial.[8]  To prevail on the first prong, a petitioner must demonstrate that the omissions of his counsel fell "outside the wide range of professionally competent assistance."[9]

With regard to the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[10]  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."[11]  This requires the court to focus on "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[12]  Courts reviewing an attorney's performance must exercise deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[13]  Further, a failure to prove either of the *Strickland* prongs is dispositive to a petitioner's claim, and a court may dispose of either the first or second prong, whichever is easier to resolve.[14]

Here, Petitioner argues that his counsel's advice not to stipulate to his conduct in order to preserve a constitutional objection under *Haymond* constituted ineffective assistance of counsel.

---

[8] 466 U.S. 668, 687 (1984).

[9] *Id*. at 690.

[10] *Id*. at 694.

[11] *Id.*

[12] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citing *Strickland*, 466 U.S. at 687).

[13] *Strickland*, 466 U.S. at 690.

[14] *United States v. Orange*, 447 F.3d 792, 796–97 (10th Cir. 2006) (citations omitted).

For background, "[a] district court imposing a prison sentence may (and sometimes must) require the defendant to serve a term of supervised release after the defendant's release from prison."[15] "While on supervised release, a defendant must comply with certain conditions," and violations of those conditions may lead to revocation proceedings.[16]  At a revocation hearing, "[i]f a district court finds by a preponderance of the evidence that a defendant has violated a condition of supervised release, it typically has discretion to revoke supervised release and impose incarceration, subject to limits on the amount of incarceration tied to the severity of the crime of conviction."[17]

Section 3583(k) of Title 18 of the U.S. Code, however, provides that if a district court finds by a preponderance of the evidence that a defendant committed one of several enumerated crimes, the court is required to revoke the defendant's supervised release and "impose an additional prison term of at least five years and up to life without regard to the length of the prison term authorized for the defendant's initial crime of conviction."[18]  In *Haymond*, a defendant challenged the constitutionality of that provision.[19]  Writing for the plurality, Justice Gorsuch concluded that, based on the Court's prior holding in *Alleyne v. United States*, subsection (k) violates defendants' rights under the Fifth and Sixth Amendments.[20]

---

[15] *United States v. Ewing*, 829 F. App'x 325, 327 (10th Cir. 2020) (citing 18 U.S.C. § 3583(a)).

[16] *Id.* (citing 18 U.S.C. § 3583(d); U.S. Sentencing Guidelines Manual § 7B1.2 (U.S. Sentencing Comm'n 2020)).

[17] *Id.* (citing 18 U.S.C. § 3583(e)).

[18] *Haymond*, 139 S. Ct. at 2374 (2019) (citing 18 U.S.C. § 3583(k)).

[19] *Id.* at 2375.

[20] *Id.* at 2382 (citing *Alleyne v. United States*, 570 U.S. 99 (2013)).

In *Alleyne*, the Supreme Court held that the Sixth Amendment right to a jury trial, "in conjunction with the Due Process Clause, requires that each element of a crime be proved to the jury beyond a reasonable doubt."[21]  Thus, the *Alleyne* Court held that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."[22]  As such, the plurality in *Haymond* concluded that because subsection (k) requires "a substantial increase in the minimum sentence to which a defendant may be exposed based only on judge-found facts under a preponderance standard," subsection (k) could not pass constitutional muster under *Alleyne*.[23]

Petitioner now asserts that because his case involved a revocation under § 3583(e)(3), not § 3583(k), *Haymond* was inapplicable to his case and his counsel's objection was frivolous.  The Court disagrees.  Section 3583(e)(3) provides that a "district judge who finds that a defendant has violated the conditions of his supervised release normally may (but is not required to) impose a new prison term up to the maximum period of supervised release authorized by statute for the defendant's original crime of conviction, subject to certain limits."[24]  In *Haymond*, the dissenting justices expressly cautioned that *Haymond* opened the door to challenges to § 3583(e) and post-release supervision proceedings as a whole, stating that the plurality opinion was "carefully crafted for the purpose of laying the groundwork for later decisions of *much* broader scope."[25]

In the wake of *Haymond*, defendants in multiple circuits brought challenges to § 3583(e) arguing—like counsel for Petitioner—that under *Haymond*, defendants have a right to a jury trial

---

[21] *Alleyne*, 570 U.S. at 104.

[22] *Id.* at 103.

[23] *Haymond*, 139 S. Ct. at 2382.

[24] *Id.* at 2374 (citing 18 U.S.C. § 3583(e)).

[25] *Id.* at 2386.

regarding any factual determinations made in a revocation hearing.[26] Undoubtedly, the barrage of litigation regarding § 3583(e)(3) following *Haymond* provides compelling evidence that counsel's strategy was not "outside the wide range of professionally competent assistance."[27] Moreover, Petitioner's revocation hearing took place July 3, 2019—only one week after the Court released its decision in *Haymond*. It was not until three months later that a pro se petitioner similarly argued that the *Haymond* decision brought the constitutionality of § 3583(e) into question and this Court ruled on the issue in a written opinion.[28]

Although this Court held that it was bound by Tenth Circuit precedent on the issue, it noted that the dissent in *Haymond* "suggested that the plurality's opinion could be used to support a challenge generally to all supervised release proceedings under Section 3583(e)(3)."[29] Further, it was not until over one year after Petitioner's revocation hearing that the Tenth Circuit thoroughly analyzed *Haymond* and concluded that *Haymond* did not supersede Tenth Circuit precedent

---

[26] *See United States v. Doka*, 955 F.3d 290, 294 (2d Cir. 2020) ("Doka relies on the Supreme Court's recent decision in *United States v. Haymond* in support of his argument that his revocation pursuant to § 3583(e)(3) must now be regarded as unconstitutional and that our longstanding precedent on this subject is no longer valid. We disagree."); *United States v. Seighman*, 966 F.3d 237, 244 (3d Cir. 2020) ("Seighman is merely preserving this argument for Supreme Court review because Justice Breyer's refusal to 'transplant the *Apprendi* line of cases to the supervised-release context' forecloses it.") (citation omitted); *United States v. Ka*, 2020 U.S. App. LEXIS 37662 (4th Cir. 2020) ("Our sister circuits that have considered whether *Haymond* has implications for their § 3583(e) jurisprudence agree that it does not."); *United States v. Smithey*, 790 F. App'x 643, 643–44 (5th Cir. 2020) (per curiam) (concluding that a revocation of supervised release pursuant to § 3583(e) did not contravene *Haymond*); *United States v. Eagle Chasing*, 965 F.3d 647, 650–51 (8th Cir. 2020) ("Eagle Chasing candidly admits *Haymond* . . . left open the constitutionality of § 3583(e)(3), but that understates it. In fact, all three opinions in *Haymond* sit somewhere on a scale between expressing doubt that the right to a jury trial is implicated by revocations under § 3583(e)(3), to outright asserting it is not.") (internal citations omitted); *United States v. Horne*, 789 F. App'x 139, 143 (11th Cir. 2019) ("Horne requests a remand for resentencing, arguing that the Supreme Court's recent decision in *United States v. Haymond*, cast fresh light on the constitutionality of § 3583(e)(3). We disagree.") (internal citation omitted); *United States v. Casseday*, 807 F. App'x 5, 8-9 (D.C. Cir. 2020) ("The *Haymond* plurality explicitly limited its holding to that portion of § 3583(k), 'passing no judgment one way or the other on § 3583(e).' ") (alteration and citation omitted).

[27] *See Strickland*, 466 U.S. at 690.

[28] *United States v. Williams*, 2019 WL 5455869 (D. Kan. 2019).

[29] *Id.* (citing *Haymond*, 139 S. Ct. at 2388).

regarding § 3583(e)(3). [30] Because a claim of ineffective assistance must be reviewed from the perspective of counsel at the time the decision was made, the Court concludes that counsel for Petitioner's *Haymond* objection did not fall below the objective standard of reasonableness outlined in *Strickland*.[31]

Petitioner next asserts that even if the district court had granted Petitioner a jury trial based on the Supreme Court's holding in *Haymond*, it "could not have possibly done Mr. Rodriguez any good" because "Mr. Rodriguez had already admitted that he committed the underlying revocation conduct to his probation officer."[32] Again, the Court disagrees. An attorney's decision regarding whether a client should exercise his right to trial is the exact type of "conscious, tactical choice between two viable alternatives" for which *Strickland* requires that judicial scrutiny be highly deferential.[33] The Court is unwilling to conclude that it is objectively unreasonable for a competent attorney to determine that a defendant who has admitted to an offense cannot benefit from putting the government to its proof through a jury trial. Although "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence,"[34] the Court concludes that counsel's decision to object under *Haymond* did not fall below the standard of professionally competent assistance.

---

[30] *Ewing*, 829 F. App'x at 330 (citing *Cordova*, 461 F.3d at 1186–90).

[31] *See Brecheen v. Reynolds*, 41 F.3d 1343, 1365 (10th Cir. 1994) (holding that ineffective assistance of counsel claims "may not be predicated on 'the distorting effects of hindsight' ") (citations omitted); *see also Strickland*, 466 U.S. at 689.

[32] Pet'r's Br., Doc. 80, p. 7.

[33] *Hatch*, 58 F.3d at 1459 (citations omitted).

[34] *Strickland*, 466 U.S. at 689.

Because Petitioner fails to establish the first prong of the *Strickland* test, his claim for ineffective assistance of counsel is without merit. His § 2255 motion is therefore denied. Further, an evidentiary hearing on Petitioner's motion is not necessary because the motion and records of the case conclusively show that he is not entitled to relief.[35]

### IV.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[36] A petitioner satisfies this burden if " 'reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.' "[37] For the reasons explained above, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that Petitioner Manuel Jesus Rodriguez's Motion to Vacate Sentence (Doc. 80) is **DENIED.**

---

[35] *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (citing 28 U.S.C. § 2255).

[36] 28 U.S.C. § 2253(c)(2). The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a COA. *See* 28 U.S.C. § 2253(c)(1).

[37] *Saiz v Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).

**IT IS SO ORDERED.**

This case is closed.

Dated this 12th day of February, 2021.

                                              ERIC F. MELGREN
                                              UNITED STATES DISTRICT JUDGE